Wachtler, J. (concurring)
I am in agreement with the majority’s conclusion that an absolute privilege attached to the audit report. I would point out, however, the inconsistency between the majority’s holding in this case and in Stukuls v State of New York (42 NY2d 272 [decided herewith]).
The majority notes "the significant distinction between actions of employees of executive departments of State government undertaken on their own behalf in the discharge of their own official duties (as in Stukuls) and actions (as here) performed by delegation on behalf of the department head”, and concludes that "[i]n the former instances there is no absolute privilege; in the latter, there is” (at pp 292-293). I find no such distinction.
In both this case and Stukuls the allegedly defamatory statement was made by a State employee of less than cabinet rank. In both cases the employee was acting in connection with and in the performance of his official duties, and there was a strong public policy and interest in the free flow of information in the decision-making process. In my view, therefore, and for the reasons set forth in my dissenting opinion in Stukuls, absolute privilege should attach in each of these cases.